IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE RHYNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 1:08-CV-968-TFM |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

# MEMORANDUM OPINION AND ORDER

Following administrative denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq*., and supplemental security income (SSI) benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq*., Andre Rhynes ("Rhynes") received a hearing before an administrative law judge ("ALJ") who rendered a partially favorable decision.  When the Appeals Council rejected review of this decision, it became the final decision of the Commissioner of Social Security ("Commissioner").  Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g) , 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained,  the court AFFIRMS IN PART and REMANDS this case to the Commissioner.

## I.     STANDARD OF REVIEW

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.

*Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

The Commissioner found Rhynes disabled on and after March 15, 2005.  In pertinent part, the ALJ wrote

> [A]t the September 13, 2006 hearing, the claimant testified that he has constant pain in his stomach and throat, that he has difficulty swallowing, and that he experiences chronic weakness, fatigue, and depression." The medical documentation of record reflects that the claimant had severely elevated liver enzymes and bilirubin in May, 2005 and an EGD performed at that time established that the claimant had Grade II esophageal varices, which had progressed from Grade I since August, 2004.  A liver biopsy performed in July, 2006 confirmed the presence of "evolving cirrhosis" whereas the previous liver biopsy in November, 2003 had indicated only and equivocal possibility of cirrhosis.  Clearly, the claimaint's symptomatology and his liver disease have progressively worsened since March 15, 2005.
>
> Based upon the objective documentation of the severity and worsening of the claimant's Hepatitis C infection since March 15, 2000, the Administrative Law Judge concluded that the claimant has been severely limited in his abilities to perform basic work activities since that time and that the combined effects of the claimant's impairments and his related symptomatology have rendered the claimant incapable of performing even unskilled sedentary work.

R. at 301.

Rhynes contends the record indicates his disability dates from November, 2003. Both parties agree that the ALJ misunderstood the medical records inasmuch as Rhynes underwent only one liver biopsy which was done in November, 2003.

## III.  ISSUES

Rhynes posits two issues for judicial review:

3

1.  Whether the ALJ misunderstood the medical records to the extent that the date of disability should relate back to November, 2003 rather than March 15, 2005; and

2.  Whether the ALJ posed a sufficient hypothetical to the vocational expert.

## IV.  DISCUSSION

**1.  <u>The ALJ misunderstood the medical records to the extent the case must be remanded to determine whether the disability began in November, 2003 rather than March 15, 2005.</u>**

Both parties agree that the only liver biopsy before the ALJ was done in November, 2003 at the behest of Dr. William McLaughlin.  (R. 170).  Each side differs as to the effect of the misunderstanding.  Rhynes argues the misunderstanding is so fundamental and severe to call into question whether the ALJ meant to date the disability from November, 2003 as opposed to March 15, 2005.  The Commissioner argues the evidence is sufficient, despite the clear misunderstanding, for the ALJ to find Rhynes was not disabled, under the Act, before March 15, 2005.

For two reasons, the Court does not agree with the Commissioner that the misunderstanding of the medical records by the ALJ is harmless error and thus remands the case to the Commissioner.

First, the ALJ gave weight to the medical finding that Rhynes had, "evolving cirrhosis" as shown by a biopsy in July, 2006 whereas the biopsy in November, 2003

indicated only an equivocal possibility of cirrhosis.[1]  The degree of weight the ALJ gave to the misidentified July, 2006 biopsy is not clear but the ALJ, by his findings, indicates he put enough value on the medical record to find Rhynes disabled at least as early March, 2005.  It is entirely plausible that the ALJ, had he realized the biopsy was done in November, 2003, might have related the onset of disability back to November, 2003 rather than March, 2005.  Nothing in the record before the Court indicates the ALJ would not have related the disability back to November, 2003 had he known the record he relied upon actually refers to a biopsy done in November, 2003.

Finally, the November, 2003 biopsy was part of the course of treatment by Dr. William McLaughlin.  In finding Rhynes disabled the ALJ said, in pertinent part, "In reaching the above conclusion, the Administrative Law Judge has assigned determinative evidentiary weight to the findings and conclusions expressed by the claimant's treating physician, Dr. McLaughlin."[2]  The November, 2003 biopsy, being part of the determinative medical evidence, requires the ALJ to have an accurate understanding of the medical evidence before the Court can satisfy itself the ALJ did not mistakenly choose the wrong date as the date of disability.  On remand, the ALJ is free to choose March 15, 2005, or some other date as the date of disability.

### 2. The hypothetical the ALJ posed to the expert was sufficient.

Rhynes argues the hypothetical to the Vocational Expert (VE) omitted environmental limitations that Rhynes must avoid exposure to extreme heat or cold. Testimony from a vocational expert may constitute substantial evidence for an ALJ to determine whether

---

[1] R. at 301.
[2] R. at 301.

5

there are jobs in the national economy which a claimant may perform if the ALJ poses a hypothetical question to the VE which comprises all of the claimant's impairments. Wilson v. Barnhart, 284 F. 3d 1219, 1227 (11th Cir. 2002).

The Commissioner concedes the ALJ omitted the environmental limitations but contends the omission was harmless error because the VE identified jobs such as garment bagger, housekeeper, and cafeteria attendant which Rhynes could perform. The Court agrees. None of the listed jobs would expose Rhynes to extreme temperatures.

## V.  CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the case should be remanded for compliance with applicable regulations. It is, therefore, **ORDERED** that the decision of the Commissioner is **REVERSED AND REMANDED.** A separate judgment is entered herewith.

DONE this 17th day of March, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE