IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDRE RHYNES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. |
| | )  1:08-CV-968-TFM |
| MICHAEL J. ASTRUE, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's *Motion for Attorney's Fees* (Doc. 21, filed June 13, 2010), *Defendant's Response to Plaintiff's Petition for Attorney Fees Under the Equal Access to Justice Act* (Doc. 25, filed June 22, 2010), and *Plaintiff's Reply* (Doc. 27, filed July 20, 2010).

### BACKGROUND

Plaintiff Andre Rhynes ("Rhynes") sought judicial review of an administrative decision dated December 21, 2006, wherein the Commissioner of the Social Security Administration ("Commissioner") awarded disability benefits with an effective date of March 15, 2005. Rhynes appealed the decision of the administrative law judge (ALJ) because he believed benefits should have been effective in November of 2003. On March 17, 2010, the Commissioner's decision was reversed and remanded by this Court, and judgment was entered for Rhynes. The Court found that the ALJ who handled

1

Rhynes' case misunderstood certain medical records in his file, and that remand was necessary for reconsideration of the actual date when Rhynes' disability began.  Doc. 19.

Rhynes' *Motion* for fees sought $5,669.49 in attorney fees under the Equal Access to Justice Act (EAJA).  The hourly rate for counsel's work, as calculated by Defendant, is $172.85.  Defendant's *Response* objected to any award on the grounds that the Commissioner's position was substantially justified, *i.e.*, reasonable in law and fact. Plaintiff's reply disputed Defendant's interpretation of the EAJA and Social Security Act, arguing that he is indeed entitled to fee award.

## DISCUSSION

A party is entitled to fees under the EAJA only if the Government was not "substantially justified" in its actions.  28 U.S.C. § 2412(d)(1)(A).  "Substantially justified" has been defined by the Supreme Court as "justified in substance or in the main," or "justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The Commissioner contests Rhynes' fee request by arguing the Government's position was substantially justified, which it differentiates from losing its case.  It stresses that "Though Defendant bears the burden of showing that is position was substantially justified, '[t]he fact that the government lost its case does not raise a presumption that the government's position was not substantially justified.'" *Lumpkin v. Barnhart*, 493 F.Supp.2d 1199, 1202 (S.D. Ala. 2006) (quoting *Ashburn v. United States*, 740, F.2d 843, 850 (11th Cir. 1984).

The Commissioner offers case examples which provide more concrete examples of how this Court should evaluate its position that fees are not appropriate because its

2

actions were "substantially justified."  The cases explain that the Court is obligated to review "both the underlying agency conduct as well as the Commissioner's defense of that conduct."  Def. Br. at 3, citing 28 U.S.C. § 2412(d)(2)(D); *Comm'r, INS v. Jean*, 496 U.S. 154, 161-62 (1990) (explaining that "position of the United States" encompasses agency's prelitigation and litigation positions); *Myers v. Sullivan*, 916 F.2d 959, 666 n.5 (11th Cir. 1990).  Indeed, the administrative proceedings in this case are particularly relevant to the determination at hand.

The Commissioner concedes the ALJ in this case erred when he mistakenly believed Rhynes underwent biopsies in November, 2003 and July, 2006.  This error was the basis for the remand, as the Court's review of the administrative record showed the only biopsy was performed in November, 2003.  Doc. 19, at 5.  However, the Commissioner argues its determination as to the date of disability was reasonable because it was based on representations by Rhynes' counsel.  The Commissioner cites counsel's statement in a second administrative hearing that "[Plaintiff] has one [biopsy] on November the 5th of 2003.  He had a subsequent one; it looks like this might have been July 31st of '06."  Def. Br. at 5.  The Commissioner argues this statement was reasonably relied upon by his representatives.  *See Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997) ("[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored.").  The Commissioner also argues that counsel's statement cited above invited error, and that Rhynes should not

be permitted to argue a contrary position regarding the reliability of counsel's statement that two biopsies were performed.

Rhynes' *Reply* acknowledges the misstatement of fact which occurred in the administrative hearing.  Doc. 27, at 2.  However, the *Reply* provides additional facts which Rhynes believes absolve him from the Commissioner's claim of "reasonable reliance" and "invited error."  Rhynes explains that the mistake regarding the number of biopsies was clarified in his brief to the Appeals Council dated January 13, 2008 (attached to *Reply* as Pl.'s Exhibit 1).  The brief notes in bold print that Rhynes had only one liver biopsy in November, 2003, and goes on to explain that the July, 2006 notes regarding a biopsy were in fact an evaluation of the 2003 biopsy.  Doc. 27-1, at 3-4.  The Appeals Council considered the brief from Rhynes' counsel, and in a letter dated October 8, 2008, explained why it found no cause for reversing the decision of the administrative law judge.  R. at 278-81.  Though the letter does not specifically reference Rhynes' clarification of biopsy dates, it addresses his residual functional capacity (RFC) as of March 15, 2005 (the date the ALJ awarded benefits).  The primary argument advanced by Rhynes for reassessment of his RFC was the significance of the results from that single biopsy in November of 2003.

Rhynes has shown that he corrected his misstatement to the ALJ before the conclusion of administrative proceedings.  The Appeals Council is a part of the Social Security Administration's administrative process.  *See Kennedy v. Bowen*, 814 F.2d 1523, 1526 (11th Cir. 1987) (describing the Appeals Council as "the final step in the Social Security Administration's multi-tiered administrative review process."); *see also*

*Crawford & Co. v. Apfel*, 235 F.3d 1298, 1300 (11th Cir. 2000) (explaining that petition for review by Appeals Council exhausts administrative remedies available from the Social Security Administration.)  Rhynes' brief to the Appeals Council clarified a misstatement of fact that the Commissioner would otherwise have been able to rely upon for his "reasonableness" argument.  The proof that Rhynes' mistake was corrected before administrative proceedings were complete destroys the Commissioner's argument, which is solely based upon administrative reliance on the misstatement.  It is not reasonable to continue to rely on a misstatement when the true facts have been clarified.  The Commissioner cannot, therefore, argue that his reliance on Rhynes' counsel for the duration of administrative proceedings, and in subsequent litigation, was reasonable.[1]

## CONCLUSION

For the reasons stated above, the Court finds that a review of the entire administrative process in this case leads it to conclude that the litigative position of the United States was not substantially justified.  This finding is reached because the factual error cited as cause for the reasonableness of the Government's position was corrected before the conclusion of administrative proceedings.  Having found the litigative stance taken by the Government was not substantially justified, the Plaintiff is entitled to an award of EAJA fees, in the amount of $5,669.49, as requested in his *Motion for Attorney's Fees* (Doc. 21).

---

[1] The Commissioner also argued that other reasons led the ALJ to find Rhynes' disabled as of March 15, 2005, and that any error is harmless if the claimant is not prejudiced.  Doc. 25, at 6.  The Commissioner does not list, or address how the other reasons support his argument that his litigation position was substantially justified.  Rhynes succinctly addressed this argument by stating "[I]t is unreasonable to assume harmless error in an ALJ's misinterpretation of medical evidence that he found determinative in his decision."  Doc. 27, at 3-4.

5

Accordingly, it is hereby **ORDERED** as follows:

(1) That the Plaintiff's *Motion* (Doc. 21) for an award of fees and expenses under the Equal Access to Justice Act is GRANTED in the total amount of $5,669.49; and

(2) That the award be made payable to Plaintiff's counsel, Georgia H. Ludlum, pursuant to the fee agreement executed by Plaintiff (Doc. 21-1), minus any Department of Treasury offset, via an electronic funds transfer.

DONE this 16th day of December, 2010.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE